FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

02 MAR 14 PM 3: 12

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

PLAYBOY ENTERPRISES
INTERNATIONAL, INC.,

       Plaintiff,

v.

DAVID & GOLIATH, Inc.,
a Florida corporation, DAVID GOLDMAN,
an individual, and
TODD GOLDMAN, an individual,

       Defendants.

Civil Action No 8:02-CV-472-T-24 MSS

**COMPLAINT**

    For its Complaint against Defendants DAVID & GOLIATH, INC., DAVID

GOLDMAN and TODD GOLDMAN, Plaintiff Playboy Enterprises International, Inc. by

its attorneys, alleges as follows:

## THE PARTIES

    1.    Plaintiff Playboy Enterprises International, Inc. ("Playboy", an

international multimedia entertainment company, is a Delaware corporation having

offices in New York City, New York, Los Angeles and Beverly Hills, California and a

principal place of business at 680 North Lake Shore Drive, Chicago, Illinois.

    2.    Upon information and belief, Defendant David & Goliath Inc. is a Florida

corporation which is located within this judicial district with a principal place of business

at 1230 S. Myrtle Ave., Suite 401, Clearwater, FL  33756-3457.

{TP051066;1}

1

3.    Upon information and belief, Defendant David Goldman is an individual operating a business within this judicial district at 1230 S. Myrtle Ave. Suite 401, Clearwater, Florida 33756.

4.    Upon information and belief, Defendant Todd Goldman is the president of and registered agent for Defendant DAVID & GOLIATH, INC. operating within this judicial district at 1230 S. Myrtle Ave. Suite 401, Clearwater, Florida 33756.

## JURISDICTION AND VENUE

5.    This is a civil action for trademark infringement arising under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114 (Count I); false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count II); dilution under 15 U.S.C. § 1125(c) (Count III); common law trademark infringement and unfair competition (Count IV); trademark counterfeiting under 15 U.S.C. §§ 1114 and 1117(c) (Count V); violation of Florida's deceptive and unfair trade practices act, Fla. Stat. § 501.201 *et. seq.* (Count VI); violation of Fla. Stat. § 495.151 covering injury to business reputation and dilution (Count VII); and breach of contract (Count VIII).

6.    This Court has jurisdiction over these claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391.

## NATURE OF THE ACTION

7.    Playboy, the publisher of *Playboy* magazine, owns the rights to the famous trademarks PLAYBOY and the RABBIT HEAD DESIGN. Over many years, Playboy has invested many millions of dollars to develop and protect the goodwill and reputation of its trademarks.

8.     As more fully described below, Defendants are offering for sale counterfeit t-shirts, pajamas and underwear bearing Playboy's famous RABBIT HEAD DESIGN trademark and the term "PLAY BOYS." By offering counterfeit products, Defendants are usurping and misappropriating the Playboy's reputation and good will in Playboy's trademarks and causing consumers to be confused as to the source of the products. Defendants have refused to comply with Playboy's demands to cease their infringing activities.

## FACTS COMMON TO ALL COUNTS

### *Playboy* Magazine and the Playboy Trademarks

9.     Playboy is an international multimedia and entertainment company. Continuously since 1953, Playboy has published the men's entertainment magazine *Playboy. Playboy* is one of the most popular men's magazines in the world and is read by approximately 10 million readers each month.

10.     Continuously since long prior to the acts of Defendants alleged herein, Playboy has sold, through itself and its licensees, a wide variety of merchandise such as wearing apparel, cosmetics, sunglasses, watches and other personal accessories under the trademark PLAYBOY, and offered services such as television programming under its PLAYBOY trademark in interstate commerce including within the State of Florida.

11.     The PLAYBOY trademark is registered to Playboy with the United States Patent and Trademark Office for a wide variety of goods including, but not limited to: clothing, including t-shirts, briefs, sweatpants and jogging suits (Reg. No. 1,328,611); and sleepwear (Reg. No. 984,548). Copies of the certificates of the federal trademark

registrations are attached hereto as Exhibit A.  These federal trademark registrations for

PLAYBOY have become incontestable pursuant to 15 U.S.C. § 1065.

12.     Over the years, Playboy has sold many millions of dollars of merchandise

bearing the PLAYBOY trademark.  Through its licensees, products bearing the

PLAYBOY trademark are sold throughout the United States, including this judicial

district, and in more than 80 countries around the world.

13.     Playboy and its licensees have spent considerable time and money

promoting the PLAYBOY trademark nationwide and throughout the world.

14.     As of result of Playboy's long-standing use of the PLAYBOY trademark,

the PLAYBOY trademark has become famous and has developed significant goodwill

and secondary meaning, such that the public has come to associate it exclusively with

Playboy.

15.     In addition to the PLAYBOY trademark, Playboy also owns and uses a

Rabbit Head Design trademark (hereafter the "RABBIT HEAD DESIGN") in connection

with *Playboy* magazine and a wide variety of goods sold by Playboy and/or its licensees.

16.     The RABBIT HEAD DESIGN trademark is registered to Playboy with the

United States Patent and Trademark Office for use in connection with a wide variety of

goods including, but not limited to, tights and leotards (Reg. No. 1,242,927);  ties and

men's and women's shirts (Reg. No. 728,889);  and clothing articles, including hats, caps

and t-shirts (Reg. No. 1,276,276).  Copies of the certificates of the federal trademark

registrations are attached hereto as Exhibit A.  These registrations for the RABBIT

HEAD DESIGN trademark have become incontestable pursuant to 15 U.S.C. § 1065.

17.    Playboy has used and continues to use the RABBIT HEAD DESIGN mark in connection with a wide variety of merchandise such as clothing, jewelry, perfume, wallets, sunglasses, footwear, sporting equipment, videos and television programming.

18.    Over the years, Playboy has sold many millions of dollars of merchandise bearing the RABBIT HEAD DESIGN mark.  Through its licensees, products bearing the RABBIT HEAD DESIGN mark are sold throughout the United States and in more than 80 countries around the world.

19.    Products bearing the PLAYBOY and RABBIT HEAD DESIGN marks are available worldwide by mail order catalog and through specialty shops, department stores, boutiques, and online via playboystore.com and other e-commerce outlets.

20.    Playboy and its licensees have spent considerable time and money promoting products bearing the RABBIT HEAD DESIGN mark nationwide and throughout the world.

21.    As a result of Playboy's long-standing use of the RABBIT HEAD DESIGN mark, the RABBIT HEAD DESIGN mark has become famous and has developed significant goodwill and secondary meaning, such that the public has come to associate it exclusively with Playboy.

**Defendants' Use of Playboy's Trademarks**

22.    Defendants offer for sale counterfeit Playboy-branded merchandise including pajamas, t-shirts and underwear (herein "Counterfeit Garments.").  Defendants' Counterfeit Garments bear the RABBIT HEAD DESIGN trademark and the term "PLAY BOYS."

23.     Upon information and belief, Defendants advertise their Counterfeit Garments for sale through a catalog which is distributed in interstate commerce.

24.     Upon information and belief, Defendants manufacture their Counterfeit Garments and sell them to retailers in interstate commerce.

25.     In the beginning of 2001, Playboy discovered that Defendants were selling counterfeit t-shirts bearing the term PLAY BOYS and the RABBIT HEAD DESIGN trademark.  Annexed hereto as Exhibit B is a true and accurate copy of the Defendants' counterfeit t-shirt, which bears the RABBIT HEAD DESIGN logo on the front, along with the phrase "I PLAY BOYS" and has a "David & Goliath" label sewed in neck. Defendants' t-shirts were not approved, sponsored, or in any way authorized by Playboy.

26.     On March 19, 2001, Playboy sent Defendants a letter demanding Defendants' cessation of all use of Playboy's PLAYBOY and RABBIT HEAD DESIGN trademarks.

27.     On or about March 21, 2001, Defendants signed and returned Playboy's demand letter, indicating their assurances that they would cease infringing Playboy's trademarks and stop the sale of counterfeit merchandise.  In so doing, Defendants accepted and agreed to comply with its terms, which were to:

   (1) Immediately and permanently discontinue all use of the PLAYBOY and RABBIT HEAD DESIGN trademarks on T-shirts or other goods;

   (2) Provide Playboy with a full accounting record of sales and profits of all such goods; and

   (3) Provide Playboy with [Defendants'] outstanding inventory of products bearing the PLAYBOY and RABBIT HEAD DESIGN trademarks.

A true and accurate copy of Playboy's letter, signed by Defendants, is annexed hereto as Exhibit C. Notwithstanding their agreement, Defendants never provided the requested accounting material or inventory of product (including the graphics which they have in stock) and continued to sell Counterfeit Garments.

28.    In addition to signing Playboy's cease and desist letter, on or about March 21, 2001, Defendants sent another letter to Playboy indicating that they would "immediately and permanently discontinue all use of the PLAYBOY and RABBIT HEAD DESIGN trademarks on T-Shirts or other goods." Defendants further represented that they would destroy "about 50 graphics" "of the RABBIT HEAD DESIGN" that Defendants had in stock. Annexed hereto as Exhibit D is a true and accurate copy of Defendants' March 21, 2001 letter to Playboy.

29.    In February, 2002, Playboy learned that Defendants were continuing their infringing activities by offering for sale counterfeit Playboy-branded merchandise bearing the term PLAY BOYS and Playboy's RABBIT HEAD DESIGN trademark.

30.    On February 21, 2002, Playboy called David & Goliath, Inc. and spoke with Defendant David Goldman who (1) agreed to remove any and all Counterfeit Garments from the David & Goliath booth at the "Magic" trade show, held in February, 2002 in Las Vegas, Nevada; (2) agreed to cease all future sales of Counterfeit Garments; and (3) represented that all of his sales representatives had been instructed not to accept any orders for the Counterfeit Garments. Annexed hereto as Exhibit E is a true and accurate copy of Playboy's letter to David & Goliath, Inc., memorializing that conversation.

31.     On February 21, 2002, Defendant David Goldman sent Playboy a letter stating that there were no samples [of Counterfeit Garments] at the Magic trade show, and that David & Goliath showed [Counterfeit Garments] at the Long Beach, California Surf Show "by error." A copy of Defendant David Goldman's letter is annexed hereto as Exhibit F.

32.     Annexed hereto as Exhibit G are true and accurate copies of pages from Defendants' catalog that was distributed at two different trade shows in February 2002 and which advertise the Counterfeit Garments.

33.     Annexed hereto as Exhibit H are true and accurate copies of the Counterfeit Garments that Defendants are selling to retailers.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114

34.     Playboy repeats and realleges each of the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

35.     The aforesaid acts of Defendants constitute infringement of Playboy's PLAYBOY and RABBIT HEAD DESIGN trademarks, in violation of section 32(1) of the Trademark Act of 1946, as amended, 16 U.S.C. § 1114(1).

36.     Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

37.     By reason of the acts of Defendants alleged herein, Playboy has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing its wrongful acts, the damage to Playboy will increase.

38.    Playboy is entitled to damages for Defendants' past infringement in an amount to be determined at trial and an injunction to prevent future infringement of its trademark rights.

### COUNT II
### FALSE DESIGNATION OF ORIGIN AND
### UNFAIR COMPETITION UNDER SECTION 43(a)
### OF THE LANHAM ACT
### 15 U.S.C. § 1125

39.    Playboy repeats and realleges each of the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

40.    The aforesaid acts of Defendants are likely to cause confusion, mistake or deception among purchasers and potential purchasers as to the source or origin of the services rendered by Defendants because consumers are likely to believe that Defendants' goods and services originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by Playboy by virtue of Playboy's ownership of the PLAYBOY and RABBIT HEAD DESIGN trademarks.

41.    The confusion, mistake or deception referred to herein arises out of the aforesaid acts of Defendants which constitute false designation of origin, false description and unfair competition in violation of section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

42.    Upon information and belief the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

43.    By reason of the acts of Defendants alleged herein, Playboy has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing these wrongful acts, the damage to Playboy will increase.

44.     Playboy is entitled to damages for Defendants' violation of Section 43(a) of the Trademark Act in an amount to be determined at trial and an injunction to prevent future violations of Playboy's rights.

## COUNT III
## DILUTION UNDER SECTION 43(c)
## OF THE LANHAM ACT
## 15 U.S.C. § 1125(c)

45.     Playboy repeats and realleges each of the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

46.     Defendants' unauthorized commercial use in commerce of the term PLAY BOYS and Playboy's RABBIT HEAD DESIGN tends to, and does, dilute the distinctive quality of Playboy's famous marks PLAYBOY and RABBIT HEAD DESIGN and will, if permitted to continue, diminish and destroy the public association of the PLAYBOY Trademarks with Playboy in violation of 15 U.S.C. § 1125(c).

47.     By reason of the acts of Defendants alleged herein, Playboy has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing its wrongful acts, the damage will be increased.

48.     Playboy has no adequate remedy at law and is entitled to an injunction to prevent further dilution of its trademarks.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION AND
## TRADEMARK INFRINGEMENT

49.     Playboy repeats and realleges each of the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

50.    The aforesaid acts of Defendants constitute infringement of Playboy's PLAYBOY and RABBIT HEAD DESIGN trademarks and unfair competition in violation of the common law of the State of Florida.

51.    Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

52.    By reason of the acts of Defendants alleged herein, Playboy has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing its wrongful acts, the damage to Playboy will increase.

53.    Playboy is entitled to damages for Defendants' past infringement in an amount to be determined at trial and an injunction to prevent future infringement of its trademark rights.

## COUNT V
## TRADEMARK COUNTERFEITING
### 15 U.S.C. § 1114(1), 15 U.S.C. § 1117(c)

54.    Playboy repeats and realleges each of the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

55.    The aforesaid acts of Defendants constitute infringement of Playboy's registered trademarks PLAYBOY and RABBIT HEAD DESIGN in violation of section 32(1) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114(1).

56.    Defendants intentionally used the RABBIT HEAD DESIGN trademark which is identical to Playboy's Registered RABBIT HEAD DESIGN trademark and the term PLAY BOYS, which is substantially indistinguishable from Playboy's registered PLAYBOY trademark, knowing them to be counterfeits, or were willfully blind to such use.

{TP051066;1}

11

57.    By reason of the acts of Defendants alleged herein, Playboy has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing its wrongful acts, the damage to Playboy will increase.

58.    Playboy is entitled to statutory damages for Defendants' past and continuing counterfeiting activities in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(c) and an injunction to prevent future infringement of its trademark rights.

## COUNT VI
## FLORIDA DECEPTIVE AND UNFAIR TRADE
## PRACTICES ACT, FLA. STAT. § 501.201 *et seq*

59.    Playboy repeats and realleges each of the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

60.    The aforesaid acts of Defendants constitute deceptive and unfair trade practices under Section 501.201 of the Florida Statutes.

61.    By reason of the acts of Defendants alleged herein, Playboy has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing its wrongful acts, the damage to Playboy will increase.

62.    Playboy has no adequate remedy at law and is entitled to an injunction to prevent further deception and unfair trade practices by Defendants.

## COUNT VII
## VIOLATION OF SECTION 495.151 OF THE FLORIDA STATUTES
## (INJURY TO BUSINESS REPUTATION AND DILUTION)

63.    Playboy repeats and realleges each of the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

64. Defendants' acts alleged herein are likely to cause injury to Playboy's business and dilute the distinctive quality of Playboy's PLAYBOY and RABBIT HEAD DESIGN trademarks.

65. Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

66. By reason of the acts of Defendants alleged herein, Playboy has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing its wrongful acts, the damage will be increased.

67. Playboy has no adequate remedy at law and is entitled to an injunction to prevent further dilution of its trademarks.

## COUNT VIII
## BREACH OF CONTRACT

68. Playboy repeats and realleges each of the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

69. Defendants' continued sale of Counterfeit Garments is an express breach of the agreement it signed on March 21, 2001.

70. Playboy is entitled to damages for Defendants' breach of contract including, but not limited to, damages incurred from the sale of Counterfeit Garments prior to and after the date of the agreement.

**WHEREFORE**, Playboy demands judgment that:

1. Defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies and all persons acting for, with, by, through or under them, and each of them, shall be preliminarily and permanently enjoined and restrained from:

{TP051066;1}

    a.     using in any manner the term "PLAY BOYS" and Playboy's trademark RABBIT HEAD DESIGN including any other term or terms likely to cause confusion with Playboy's PLAYBOY and RABBIT HEAD DESIGN trademarks in connection with Defendants' advertising or promotion of any goods or services;

    b.     using in any manner PLAYBOY (including PLAY BOYS) and the RABBIT HEAD DESIGN trademarks including any other term or terms likely to cause confusion with Playboy's PLAYBOY and RABBIT HEAD DESIGN trademarks in connection with Defendants' goods or services in such a manner that is likely to create the erroneous belief that said goods or services are authorized by, sponsored by, licensed by or are in some way associated with Playboy;

    c.     otherwise engaging in any other acts or conduct which would cause consumers to erroneously believe that Defendants' goods are somehow sponsored by, authorized by, licensed by, or in any other way associated with Playboy; and

2.    Defendants be ordered to remove all references to PLAYBOY and the RABBIT HEAD DESIGN from any and all advertising in connection with Defendants' Counterfeit Garments.

3.    Defendants be required to account for and pay to Playboy all profits, damages and the costs the action by reason of their unlawful acts alleged herein, and that such amounts be trebled, as provided by law under 15 U.S.C. § 1117.

4.    Defendants be required to pay over to Playboy all statutory damages including, but not limited to, those incurred under 15 U.S.C. § 1117(c).

5.    Defendants be required to file with the Court and serve upon Playboy's counsel within thirty (30) days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Defendants complied with the requirements of the Injunction and Order, pursuant to 15 U.S.C. § 1116(a).

6.    Playboy have such other and further relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods or services provided by or promoted by Defendants are authorized by Playboy or related in any way to Playboy.

7.    Defendants be ordered to account for and pay over to Playboy all damages sustained by Playboy, the amount of which cannot be calculated at this time;

8.    Playboy be awarded punitive damages as may be permitted by law or in the discretion of the Court;

9.    Playboy be awarded its costs, disbursements, and attorney fees incurred in this matter.

Dated: March ___, 2002                    Respectfully submitted,

Margaret D. Mathews
Fla. Bar No.: 348430
AKERMAN SENTERFITT & EIDSON, P.A.
100 South Ashley Drive
First Union Building, Suite 1500
Tampa, FL 33602-5311
(813) 223-7333 (telephone)
(813) 223-2837 (facsimile)

{TP051066;1}

FISH & RICHARDSON P.C.
Maryann V. Hayes, Esq.
Fla. Bar No. 30244
David R. Francescani, Esq.
45 Rockefeller Plaza
Suite 2800
New York, NY 10111
(212) 765-5070 (telephone)
(212) 258-2291 (facsimile)

Attorneys for Plaintiff
Playboy Enterprises International, Inc.

# Exhibit A

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Reg. No. 1,328,611
Registered Apr. 2, 1985

## TRADEMARK
### PRINCIPAL REGISTER

## PLAYBOY

PLAYBOY ENTERPRISES, INC. (DELAWARE CORPORATION)
919 N. MICHIGAN AVE.
CHICAGO, IL 60611

FOR: CLOTHING ARTICLES—NAMELY, SHIRTS, VISORS, TIES, T-SHIRTS, SKI JACKETS, GYM SHORTS, SWEATSHIRTS, SWEATPANTS, RAIN SLICKERS, RAINCOATS AND COORDINATING RAIN HATS, BATHING SUITS, BRIEFS, HOSIERY, SPORT SOCKS, COLLARED BUTTON-DOWN KNIT SHIRTS AND SLACKS COLOR COORDINATED THEREWITH, SWEAT SHORTS, SWEATERS, VELOUR TOPS, JOGGING SUITS AND SHORTS, IN CLASS 25 (U.S. CL. 39).

FIRST USE 8-0-1960; IN COMMERCE 8-0-1960.

OWNER OF U.S. REG. NO. 984,548.

SER. NO. 341,544, FILED 12-14-1981.

SUSAN A. RICHARDS, EXAMINING ATTORNEY

# United States Patent Office

**984,548**
Registered May 21, 1974

## PRINCIPAL REGISTER
### Trademark

Ser. No. 238,954, filed Feb. 16, 1966

 **PLAYBOY**

Playboy Enterprises, Inc. (Delaware corporation)
919 N. Michigan Ave.
Chicago, Ill. 60611, by change of name from
HMH Publishing Co., Inc. (Delaware corporation)
Chicago, Ill.

For: ARTICLES OF MEN'S AND WOMEN'S CLOTHING — NAMELY, SHIRTS, SLEEPWEAR, TIES, ASCOTS, SWEATERS, WARM-UP SHIRTS, BATH KILTS, AND HOSIERY—in CLASS 39 (INT. CL. 25).

First use Apr. 3, 1959; in commerce Apr. 28, 1959.

B. DENNISON, Examiner

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,242,927
Registered Jan. 21, 1983

## TRADEMARK
### Principal Register



Playboy Enterprises, Inc. (Delaware corporation)
919 N. Michigan Ave.
Chicago, Ill. 60611

For: TIGHTS AND LEOTARDS, in CLASS 25 (U.S. Cl. 39).
First use Aug. 1, 1981; in commerce Aug. 1, 1981.
Owner of U.S. Reg. No. 728,889.

Ser. No. 328,607, filed Sep. 18, 1981.

PAMELA RASK, Examining Attorney

# United States Patent Office

**728,889**
Registered Mar. 20, 1962

## PRINCIPAL REGISTER
### Trademark

Ser. No. 117,864, filed Apr. 14, 1961



HMH Publishing Co., Inc. (Illinois corporation)
232 E. Ohio St.
Chicago 11, Ill.

For: TIES AND MEN'S AND WOMEN'S SHIRTS, in CLASS 39.
First use Apr. 3, 1959, on men's shirts; in commerce Apr. 28, 1959.

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,276,276
Registered May 1, 1984

## TRADEMARK
**Principal Register**



Playboy Enterprises, Inc. (Delaware corporation)
919 N. Michigan Ave.
Chicago, Ill. 60611

For: CLOTHING ARTICLES—NAMELY, MEN'S AND WOMEN'S HOSIERY; UNDER GARMENTS; SLEEPWEAR; HATS AND CAPS; SWIMWEAR; NECKWEAR; OUTERWEAR—NAMELY, COATS AND JACKETS; ACTIVE SPORTSWEAR—NAMELY, KNIT TOPS AND SLACKS OR SHORTS, T-SHIRTS AND JEAN-RELATED PRODUCTS—NAMELY, JEANS, JACKETS, VESTS AND SKIRTS; SUITS; SLACKS AND SHIRTS, in CLASS 25 (U.S. Cl. 39).

First use Apr. 3, 1959; in commerce Apr. 28, 1959.

Ser. No. 391,484, filed Sep. 28, 1982.

ERIC WACHSPRESS, Examining Attorney

# Exhibit
# B



# Exhibit C

**PLAYBOY ENTERPRISES INTERNATIONAL, INC.**

March 19, 2001

*EXPRESS MAIL*
*RETURN RECEIPT REQUESTED*

Mr. Todd Goldman
David & Goliath
1230 Myrtle Avenue #401
Clearwater, FL 33756

RE: **Infringement of PLAYBOY and the RABBIT HEAD DESIGN Trademarks**
**Owned by Playboy Enterprises International, Inc.**

Dear Mr. Goldman:

It has been brought to our attention that your company is selling T-shirts bearing a confusingly similar representation of our RABBIT HEAD DESIGN trademark and our PLAYBOY trademark. Enclosed is a copy of a T-shirt purchased in your store that shows use of PLAYBOY and the representation of our RABBIT HEAD DESIGN.

Playboy Enterprises International, Inc., ("Playboy") the publisher of PLAYBOY magazine, is the registered owner of the trademarks RABBIT HEAD DESIGN and PLAYBOY. The trademarks have come to be associated by the general public with our company and we have acquired considerable and valuable goodwill in the trademarks.

We advise that trademark infringement is a federal offense and call your attention to the trademark laws which deal with any person who, without the consent of the registrant (a) uses in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with such use which is likely to cause confusion, or to cause mistake, or to deceive; or (b) produces, counterfeits, copies, or colorably imitates a registered mark and applies such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive (Lanham Act 15 U.S.C. Section 1114(1)). You may also note Sections 1116, 1117 and 1118, which allow a plaintiff three times the amount of a defendant's profits or plaintiff's damages, whichever is greater, reasonable attorneys' fees and costs, injunctive relief, and destruction of the counterfeit goods, as well as Section 1125(c) which allows statutory damages up to $1,000,000 per counterfeit mark per the type of goods and services sold, offered for sale or distributed.

Unless your company does the following, it may be subjected to legal action:

1) Immediately and permanently discontinue all use of the PLAYBOY and RABBIT HEAD DESIGN trademarks on T-shirts or other goods; and

2) Provide Playboy with a full accounting record of the sales and profits of all such goods;

3) Provide Playboy with your outstanding inventory of products bearing the PLAYBOY and RABBIT HEAD DESIGN trademarks.

As our company is not in the business of initiating lawsuits, especially lawsuits that can and should be avoided, we are offering your company this opportunity voluntarily to cease its infringing activities and thereby avoid the expense and hardship of litigation. By the same token, however, it is not our practice to sit idle while others attempt to take commercial advantage of our valuable property.

To evidence your company's agreement to resolve this matter on the terms outlined above, please sign, date and return to us the enclosed copy of this letter. In addition, please forward all information and documents requested herein.

If we do not receive any indication of your company's intent to comply with the foregoing demands by April 1, 2001, we will recommend to our company's management that legal action be pursued against your company.

This letter is not intended to and shall not waive or prejudice any rights and remedies that Playboy Enterprises International, Inc. may have at law, in equity or otherwise: any and all such rights and remedies are hereby expressly reserved.

Very truly yours,

**PLAYBOY ENTERPRISES INTERNATIONAL, INC.**

Julie Brown
Intellectual Property Counsel

**ACCEPTED and AGREED to:**

By: _____

Title: _____

Date: _____

JB/pc
Enclosure

# Exhibit
# D



DAVID & GOLIATH

March 21, 2001

Ms. Julie Brown
Intellectual Property Counsel
Playboy Enterprises International, Inc.
680 North Lake Shore Drive
Chicago, Illinois 60611

RE: YOUR LETTER REGARDING THE INFRINGEMENT OF PLAYBOY
AND THE RABBIT HEAD DESIGN TRADEMARKS

Dear Ms. Brown:

Even though we don't agree that we have infringed on your trademark, we will
immediately and permanently discontinue all use of the PLAYBOY and RABBIT HEAD
DESIGN trademarks on T-Shirts or other goods.

We only started business in February of this year, so we haven't sold much of this design
anyway. We have sold only 44 shirts and our profit is approximately 30%. That means a
little over $100.00.

We also have about 50 graphics in stock of the RABBIT HEAD design, we will destroy
them immediately.

Additionally, our company has signed and dated a copy of your letter and is returning that
with this mailing.

Very truly yours,

DAVID & GOLIATH, INC.

Todd Goldman

1700 N HERCULES AVE #3
CLEARWATER, FL 33765
PH: 727.462.6205
FX: 727.462.6911

Exhibit
E

**PLAYBOY ENTERPRISES INTERNATIONAL, INC.**

February 21, 2002

*VIA FACSIMILE 727/462-6911*

Mr. David Goldman
David & Goliath
1230 Myrtle Avenue #401
Clearwater, FL  33756

Dear Mr. Goldman:

It has been brought to our attention that your company is showing product at the Magic tradeshow containing renderings that infringe our RABBIT HEAD DESIGN and PLAYBOY trademarks.  Pursuant to our telephone conversation today, you have agreed to immediately remove such product from your booth at Magic and cease any and all sales of such product in the future.  You also advised that your sales representatives have been instructed to cease all sales of such product as well as a result of the previous infringement claims from Playboy.

In addition, please provide me with an accounting of profits received from the sale of such products.

Please be advised that if Playboy learns of any further promotion and sale of such products or any other use of our trademarks by your company, we will take appropriate action without further notice to you.

Very truly yours,

PLAYBOY ENTERPRISES
INTERNATIONAL, INC.

Julie Brown
Intellectual Property Counsel

JB/pc

# Exhibit
# F

**DAVID & GOLIATH, INC.**
**1230 S. Myrtle Ave., #401**
**Clearwater, FL  33756**

Phone:   727-462-6205
Fax:       727-462-6911

February 21, 2002

Playboy Enterprises
    International, Inc.
680 N. Lake Shore Dr.
Chicago, IL 60611

Attention:     Julie Brown,
                    Intellectual Property Counsel

Dear Ms. Brown:

I am in receipt of your letter and I tried to call you back.

There are no samples at the Magic show and there are no products at the booth.  The products were shown at the Long Beach show by error.  I expressed this to you over the phone this afternoon.

Yours truly,

David S. Goldman

DSG/rr

# Exhibit
# G

# PAJAMAS

100% COTTON
S-M-L

## PJ'S CAN BE SOLD SEPARATELY OR WITH MATCHING MUSCLE TANK TOP

$10.00
#25-1041

$10.00
#25-1081

$10.00
#25-1322

$8.00
#25-CITY CAMO

$8.00
#25-ARMY CAMO











**EXBOYFRIEND**
**#PJ01**
**$17.00**

**LICK ME**
**#PJ02**
**$16.00**

**IT'S ALL ABOUT ME**
**#PJ03**
**$16.00**

**CITY CAMO**
**#PJ04**
**$15.00**

**ARMY CAMO**
**#PJ05**
**$15.00**





$10.00
#25-1272

$10.00
#25-1281

$10.00
#25-1004

$10.00
#25-1241





**D&G**
david & goliath

1230 S. MYRTLE AVE., # 401
CLEARWATER, FL 33756

PHONE: 727.461.6205
FAX: 727.462.6911





**PEAS ON EARTH**
**#PJ07**
**$17.00**

**GOODBYE KITTY**
**#PJ08**
**$16.00**

**I PLAY BOYS**
**#PJ09**
**$16.00**

4

# EVEN MORE UNDERWEAR DESIGNS



#DP46

#DP47

#DP48

#DP61 G.I.HO

#DP49 福

#DP50

#DP51

#DP62 available.

#DP52

#DP54

#DP63 MEN

#DP55 Drama Queen

D&G
david & goliath

1220 S. MYRTLE AVE., #407
CLEARWATER, FL 33756
PHONE: 727.462.6205
FAX: 727.462.6911

#DP57

#DP58 Oops!

#DP59 LIQUOR

#DP72

#DP73

#DP71

#DP41

#DP42 BACK

#DP40 BACK

#DP39 BACK Bitch

#DP43 BACK

#DP44 BACK BEN DOVER

#DP45 BACK SAY NO TO CRACK

#DP38 BACK

#DP34 ADD $2.00 RHINESTONE

#DP35 ADD $2.00 RHINESTONE

#DP36 ADD $2.00 RHINESTONE BITCH

#DP83 ADD $2.00 RHINESTONE YUMMY

#DP84 ADD $2.00 RHINESTONE

#DP85 ADD $2.00 RHINESTONE COWBOY

7

# Exhibit
# H



